**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SHEA DOUGLAS HAYES, SR. | : |
|    Petitioner | : |
| v | :    Civil Action No. JFM-06-1190 |
| KATHLEEN GREEN, *et al.* | : |
|    Respondents | : |

o0o

**MEMORANDUM**

Pursuant to this court's order to show cause, respondent has filed an answer asserting that the above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 is untimely. Paper No. 7. Petitioner has filed a response in opposition to the answer. Paper No. 8. Upon review of the papers filed, this court finds a hearing in this matter to be unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6. *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition shall be denied as untimely.

Background

Petitioner challenges his 1996 conviction in the Circuit Court for Wicomico County for first degree murder and related offenses. Paper No. 1. On September 5, 1996, petitioner was found guilty and on November 8, 1996, was sentenced to life in prison for murder and 15 years consecutive for use of a handgun. Paper No. 7 at Ex. 1. On September 4, 1997, petitioner's convictions were affirmed on appeal by the Court of Special Appeals. The mandate for the unreported decision issued on October 6, 1997. *Id*. at Ex. 2. Petitioner did not seek further appellate review in the Court of Appeals. Therefore, his convictions became final on October 21, 1997, the last day he could have sought further appellate review. *Id.*; *see also* Md. Rule 8-302. His deadline for filing a federal

habeas corpus petition was October 21, 1998.

The one-year filing period is tolled when a properly filed post-conviction petition is pending. On January 27, 1998, petitioner filed a post-conviction petition in the Circuit Court for Wicomico County which was later withdrawn without prejudice on April 23, 1998.  Paper No. 7 at Ex. 1. Another post-conviction petition, filed on August 28, 1998, was denied on February 10, 2000. *Id*. Petitioner appealed the denial of post-conviction relief to the Maryland Court of Special Appeals, which denied relief in an unreported decision filed on April 2, 2001. *Id*. at Ex. 3. The mandate for that decision was issued on May 2, 2001. *Id*. No further appellate review was sought. Thus, at the time the mandate was issued, petitioner had five months to file a federal habeas corpus petition. The instant petition was filed on May 11, 2006, nearly five years after issuance of the mandate.

Petitioner asserts that his motions to re-open post-conviction proceedings, filed on July 30, 2003, May 27, 2004, and August 9, 2005, should operate to further toll the limitations period for filing a federal habeas corpus petition. Paper No. 8. He claims that issues that should have been raised in his initial post-conviction petition were not asserted on his behalf due to counsel's ineffective assistance. *Id*.

### Standard of Review

There is a one year period of limitation imposed on prisoners seeking to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The one year period begins to run on the date the criminal conviction is final; however, it is tolled while properly filed post conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The statute further specifies that the one year limitation begins to run:

> from the latest of-- (A) the date on which the judgment became final
> by the conclusion of direct review or the expiration of the time for

> seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party'". *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000)  To be entitled to equitable tolling, petitioner in the instant case must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay.  *See Harris*  209 F. 3d at 330.

## Analysis

The operative delay in the instant case is the delay between the time petitioner's first post-conviction petition was denied and the time his motion to re-open was filed.  Petitioner waited approximately two years to file his first motion to re-open and has not provided an explanation for the delay.  Petitioner asserts that he could not litigate the ineffective assistance of counsel claim as it pertains to his post-conviction counsel until post-conviction proceedings were concluded.[1] Nothing suggests that the alleged errors were incapable of discovery for a period of two years, or

---

[1] Specifically, petitioner asserts that his post-conviction counsel failed to allege claims of ineffective assistance of trial counsel.  Paper No. 8. Alleged errors in state post-conviction proceedings, however, cannot serve as a basis for federal habeas corpus relief. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988).

that respondents were somehow responsible for petitioner's inability to comply with the one-year filing deadline. Accordingly, by separate order which follows, the petition for writ of habeas corpus shall be dismissed.



<u>July 20, 2006</u>                                                   /s/_____
Date                                                                  J. Frederick Motz
                                                                      United States District Judge